IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **DiMuroGinsberg, P.C.**<br>1101 King Street, Suite 610<br>Alexandria, VA 22314,<br><br>and<br><br>**Artabane & Belden, P.C.**<br>1455 Pennsylvania Ave, NW, Suite 400<br>Washington, D.C. 20004,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**VLOX, LLC**<br>113 Dorado Beach East<br>Dorado, PR 00646<br><br>**Starwalker PR, LLC**<br>Plaza 273, Suite 700<br>273 Ponce de Leon Avenue<br>San Juan, PR, 00917-1934<br>PO Box 13399<br>San Juan, Puerto Rico 00908<br><br>and<br><br>**Hamed Rahim Wardak**,<br>113 Dorado Beach East<br>Dorado, PR 00646<br><br>　　　　Defendants.<br><br>Serve: VLOX, LLC<br>National Registered Agents Inc.<br>1015 15th St. NW, Suite 1000<br>Washington, D.C. 20005<br><br>Serve: Starwalker PR, LLC<br>Compliance Resources Group, Inc.<br>Plaza 273 Suite 700 | Case No. _____ |

```
273 Ponce De Leon Avenue        )
San Juan, PR 00917-1934         )
PO Box 13399                    )
San Juan, PR 00908              )
                                )
Service: Hamed Rahim Wardak     )
113 Dorado Beach East           )
Dorado, PR 00646                )
                                )
_____)
```

## VERIFIED COMPLAINT

DiMuroGinsberg, P.C. and Artabane & Belden, P.C. ("the Law Firms"), by counsel, file this Verified Complaint against VLOX, LLC, its Assignee, Starwalker PR, LLC, and Hamed Wardak, individually and as Owner and CEO of VLOX, LLC, and Member of Starwalker PR, LLC (collectively, the "Defendants") and in support thereof states as follows:

### THE PARTIES

1. DiMuroGinsberg, P.C. is and was at all times relevant hereto a professional corporation organized under the laws of the Commonwealth of Virginia. Its principal offices are located at 1101 King Street, Suite 610, Alexandria, Virginia 22314.

2. Artabane & Belden, P.C. is and was at all times relevant hereto a professional corporation organized under the laws of the District of Columbia. Its principal offices are located at 1455 Pennsylvania Ave, NW, Suite 400, Washington, D.C. 20004.

3. On information and belief, VLOX, LLC, is a District of Columbia limited liability company wholly owned by its sole member Hamed Rahim Wardak, an individual residing in Dorado, Puerto Rico.

4.     On information and belief, Starwalker PR, LLC, is a Puerto Rico limited liability company wholly owned by its sole member Hamed Rahim Wardak, an individual residing in Dorado, Puerto Rico.[1]

5.     On information and belief, Hamed Wardak is an individual residing at 113 Dorado Beach East, Dorado, PR 00646. He is the sole member of VLOX, LLC, and Starwalker PR, LLC. Upon information and belief, Wardak is and was at all times relevant a citizen of Afghanistan.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of Virginia and the District of Columbia. Defendants are citizens of Puerto Rico for diversity purposes.

7.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the acts or omissions that form the basis of this complaint occurred in this district and division. This Court has personal jurisdiction over Defendants because the Defendants transact business in Virginia and/or caused tortious injury in Virginia due to an act or omission within the Commonwealth.

---

[1] VLOX, LLC, formerly doing business as NCL Holdings LLC. NCL is a District of Columbia corporation with its principal place of business at 8245 Boone Boulevard, Suite 300, Virginia 22182, as of the 11/22/11 complaint VLOX filed against Mirzada Transport & Logistics in the EDVA. Therein, VLOX listed its address as 1356 Beverly Road, Suite 300, McLean, Virginia, 22101.
On June 12, 2008, NLC Construction, LLC, changed its name to NCL Holdings, LLC. On February 1, 2011, NCL Holdings changed its name to VLOX, LLC. VLOX has also changed its corporate address to 8245 Boon. There was no change however to the corporate entity, as NLC Construction LLC, NCL Holdings LLC, and VLOX LLC are one and the same company, as alleged in VLOX's Appeal to the ASBCA on May 22, 2014.

3

## FACTUAL BACKGROUND

8. Beginning in December, 2012, Defendant VLOX, LLC engaged DiMuroGinsberg, P.C. to provide legal representation in connection with an appeal before the Fourth Circuit. This representation was pursuant to a written engagement agreement executed by Hamed Wardak, providing for the firm to be paid for work on an hourly basis and for a late fee of 1.0% per month if invoices are not paid within 30 days. That agreement expressly contemplated "further representation [by DiMuroGinsberg, P.C.] on a mutually agreeable basis after the Fourth Circuit issues its final decision."

9. As the parties contemplated at the beginning of the 2012 engagement, on or about October 2013, the Defendants, by and through their agents Hamed Wardak, Melissa Bullock, and Muffaddal Kothari (a.k.a. Mufdal Kothari), who was at that time the Operations Manager for VLOX, LLC, identified additional legal needs relating to claims under certain government contracts. For this further representation, DiMuroGinsberg, P.C. introduced Joseph A. Artabane, Esq., of the law firm Artabane & Belden, P.C, to Defendants (collectively DimuroGinsberg, P.C. and Artabane & Belden, P.C. are referred to as "The Law Firms"). Defendants agreed to engage the Law Firms to provide consultation and representation regarding various appeals before the Armed Services Board of Contract Appeals (the "ASBCA Appeals Litigation"). It was understood at the time that the further representation would be under the same hourly rate terms and conditions as the prior representation.

10. The ASBCA Appeals Litigation involved the Defendants' appeal of the Contracting Officer's decisions regarding payment under the terms of the Defendants' government contract with the Department of the Army for Host Nation Trucking, Contract Number W91B4N-09-D-5005 (the "Government Contract"). The Law Firms filed or assumed

representation of the Defendants in three appeals in total on behalf of the Defendants: (1) the "Option Year Demurrage Appeal" (ASBCA Nos. 59305, 59306, 59307, 59308, 59309, and 59310) challenging the Contracting Officer's final decision on part of the claim and his deemed denial of the remainder of the claim for demurrage during the option years of the Government Contract; (2) the "Base Year Backhaul Appeal" (ASBCA No. 60485) challenging the Contracting Officer's deemed denial of the claim for payment of $24,915,236.34 for backhaul charges under the Government Contract; and (3) the "Base Year Demurrage Appeal" (ASBCA No. 58160) challenging the Contracting Officer's final decision on the claim for demurrage during the base year of the Government Contract.

11. The Parties agreed that the Defendants would pay the Law Firms on an hourly basis for the time spent to provide these services, plus reimbursable expenses. The Law Firms continued to counsel and represent the Defendants in matters related to the ASBCA Appeals Litigation and the Option Year Demurrage Appeal and the Base Year Backhaul Appeal until at least as late as June 2016. The Law Firms represented the Defendants in these matters and performed their obligations pursuant to the Parties' oral agreement.

12. On or about January 26, 2015, VLOX transferred substantially all of its assets and operations to Starwalker. All of VLOX's employees became employees of Starwalker. Prior to receiving the assets, operations and employees of VLOX, Starwalker had no such assets, operations or employees.

13. Among the assets purportedly transferred from VLOX to Starwalker was VLOX's claims and its corresponding right to payment under the government contract that was the subject of the Law Firms' representation of the two companies.

14. Hamed Wardak was and is the sole member of both VLOX and Starwalker. Upon information and belief, neither company observed any corporate formalities distinguishing between VLOX and Starwalker.

15. Upon information and belief, VLOX transferred its assets and operations for the sole purpose of avoiding outstanding judgments against VLOX and/or potential tax liabilities from the receipt of monies it anticipated receiving as a direct result of the Law Firms' efforts.

16. During and after its representation of the Defendants, DiMuroGinsberg, P.C. regularly and consistently submitted invoices to the law firm of Artabane & Belden, P.C., that included descriptions of the services rendered, time expended, and costs incurred by DiMuroGinsberg, P.C., on behalf of the Defendants. These invoices totaled approximately $92,299.80.

17. On or around May 13, 2016, Artabane & Belden, P.C., sent detailed invoices to the Defendants for amounts owed to the Law Firms related to the Option Year Demurrage Appeal (Invoice No. 10016) and the Base Year Demurrage Appeal (Invoice No. 10015), none of which have been paid by the Defendants. Invoice No. 10016 totals approximately $292,931.36, which includes $83,601.36 for professional fees and costs incurred by DiMuroGinsberg, P.C. and $209,330.00 for professional services rendered by Artabane & Belden, P.C. Invoice No. 10015 totals approximately $34,485.40 for professional services rendered by Artabane & Belden, P.C.

18. The Law Firms consistently achieved favorable results during the course of their representation of Defendants; Defendants received more than $30,500,000.00 as a direct result of the Law Firms' efforts. The Defendants have not paid their invoices and have failed to compensate the Law Firms for their services.

19. The hourly rates charged by the Law Firms are reasonable.

20. The legal services provided and the legal fees and costs billed by the Law Firms were reasonable and necessary and are presently due and owing in the amount of at least $92,299.80 to DiMuroGinsberg, P.C., and $243,815.40 to Artabane & Belden, P.C.

## COUNT I - BREACH OF CONTRACT

21. Plaintiff incorporates the allegations in the prior paragraphs as if set forth in full herein.

22. The Engagement Agreement between the Defendants and the Law Firms is a valid and enforceable contract between the Parties.

23. The Law Firms performed all obligations to the Defendants that the Law Firms undertook in the Engagement Agreement and are not in breach of the contract.

24. The Defendants' failure to pay the Law Firms for the legal services they received and the costs incurred on their behalf constitutes a material breach of the contract.

25. As a direct and proximate result of the Defendants' material breach of the agreement, the Law Firms have been damages in the amount of at least $92,299.80 as to DiMuroGinsberg, P.C., and $243,815.40 as to Artabane & Belden, P.C.

## COUNT II - *QUANTUM MERUIT*

26. Plaintiff incorporates the allegations in the prior paragraphs as if set forth in full herein.

27. In the alternative, the Law Firms seek to recover the reasonable value of their legal services in *quantum meruit*.

28. The Law Firms performed legal services, expended time and effort, and incurred costs at the Defendants' request, and the Defendants knowingly received the benefit of these valuable services.

29. Under the circumstances, Defendants knew or should have known they would be expected to pay for the legal services the Law Firms provided.

30. Indeed, the Law Firms' representation of Defendants resulted in Defendants receiving a total of $30,500,000.00 through the various matters on which the Law Firms worked.

31. It would be inequitable and the Defendants would be unjustly enriched if they were allowed to receive the benefit of the work and services performed by the Law Firms without having to make reasonable payment for the value of the benefit received.

32. As a direct and proximate result of the Defendants' failure to pay the Law Firms for their legal services and costs incurred, the Law Firms have been damaged and the Defendants have been unjustly enriched in the amount of at least $92,299.80 as to DiMuroGinsberg, P.C., and $243,815.40 as to Artabane & Belden, P.C.

**COUNT III – FRAUD IN THE INDUCEMENT**

33. Plaintiff incorporates the allegations in the prior paragraphs as if set forth in full herein.

34. Defendants induced the Law Firms to provide the above described legal services by requesting that they perform specified services and agreeing to pay for such representation.

35. The Law Firms reasonably relied upon Defendants' requests for representation and agreement to the terms thereof as evidenced by the long-term representation of Defendants' interests in the above described matters.

36. The Law Firms expended significant amounts of effort and devoted more than 780 hours of attorney and support staff time to fulfilling the Defendants' requests for legal services at a total cost of more than $335,485.20.

37. Defendants have followed this same pattern in the past where they engage law firms to represent them, and then fail to pay for the services they received necessitating other law firms successfully bringing actions similar to this one. This past pattern and practice proves that Defendants' acted knowingly, intentionally, and with willful disregard to the Law Firms' rights insofar as Defendants never intended to pay the Law Firms for the work they performed.

38. Such willful, wanton and malicious behavior by Defendants entitles the Law Firms to punitive damages.

### COUNT IV – CORPORATE VEIL PIERCING

39. Plaintiff incorporates the allegations in the prior paragraphs as if set forth in full herein.

40. Defendant Hamed Wardak was and is the sole member of Defendants VLOX and Starwalker.

41. VLOX transferred virtually all of its assets and operations to Starwalker. All of VLOX's employees became Starwalker employees.

42. No corporate formalities were observed as between VLOX, Starwalker, and/or Wardak.

43. The sole reason for transferring assets, including the subject claims and right to payment from the government, to Starwalker was to avoid creditor's claims and taxation.

44. Wardak was personally enriched by, upon information and belief, his transferring virtually all of Starwalker's liquid assets to himself.

45. In this manner, the corporate form was a sham, and should not be recognized by this Court. Wardak is either personally liable for the debts and obligations of VLOX and Starawalker, or he is jointly and severally liable with the corporate Defendants for such debts and obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DiMuroGinsberg, P.C., prays this Honorable Court enter judgment jointly and severally against Defendants Wardak, VLOX, LLC, and Starwalker PR, LLC, including:

A. Awarding damages of at least $92,299.80 to Plaintiff DiMuroGinsberg, P.C.;

B. Awarding damages of at least $243,185.40 to Plaintiff Artabane & Belden, P.C.;

C. Awarding punitive damages to each of the Plaintiffs in an amount not less than $350,000.00.

D. Pre-judgment interest at the rate of 1.0% per month since June 13, 2016 and post-judgment interest at the statutory rate; and

E. Such other and further relief as may be just and proper.

Dated: August 17, 2018

Respectfully submitted,

*/s/ signature*

DiMuroGinsberg, P.C.
Bernard J. DiMuro (VSB No. 18784)
Billy B. Ruhling, II (VSB No. 45822)
Jayna Genti (VSB No. 90065)
DIMUROGINSBERG, PC
1101 King Street, Suite 610
Alexandria, Virginia 22314
(703) 684-4333 (telephone)
(703) 548-3181 (facsimile)
bruhling@dimuro.com
jgenti@dimuro.com



Case 1:18-cv-01046-AJT-TCB   Document 1   Filed 08/17/18   Page 11 of 13 PageID# 11

## **VERIFICATION**

I solemnly affirm, under penalty of perjury, that the factual allegations contained in the foregoing Verified Complaint are true to the best of my knowledge, information, and belief.

Dated: August 17, 2018

_____
Billy B. Ruhling, II (VSB No. 45822)